UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DIEZ BLACKWELL, <br> Plaintiff, <br><br> v. <br><br> STEVEN ROBINSON, et al., <br> Defendants. | Case No. 12-cv-04329-JST <br><br> **ORDER RE: MOTIONS TO DISMISS, MOTION FOR TRANSFER OF VENUE, MOTION TO COMPEL ARBITRATION, AND MOTION TO STRIKE AFFIRMATIVE DEFENSE** |

Before the Court are three motions to dismiss, a motion to compel arbitration, and a motion to strike Defendant A-1 Recovery's fifth affirmative defense. The court finds these motions suitable for decision without oral argument.[1]

For the reasons discussed below, the Court hereby: (1) grants the motion to compel arbitration and dismisses Plaintiff's claims as to Defendants Mission Financial Services Corporation, Deborah Leever, William Elder, Foell & Elder, and A-1 Recovery; and (2) dismisses Plaintiff's claims against Defendants Steven Robinson, the Madera County Sheriff's Department, and Bank of the West, with leave to amend. The Court also finds that it has subject matter jurisdiction over Plaintiff's claims and general

---

[1] The motion hearing previously scheduled for May 2, 2013 is hereby vacated.

personal jurisdiction over the Madera County Defendants, and that venue in this district is proper.

## I.  PROCEDURAL HISTORY

Plaintiff Steven Blackwell filed this action on August 16, 2012.  Defendants Mission Financial Services Corporation, Deborah Leever, and William Elder answered on September 18, 2012.  ECF No. 11.  Plaintiff filed his motion to strike the fifth affirmative defense in that Answer on December 17, 2012.  ECF No. 20.

Defendant Wessels Enterprises, Inc., dba A-1 Recovery (sued herein as A-1 Towing) answered on December 11, 2012.  ECF No. 17.  Defendant Bank of the West filed a motion to dismiss on December 17, 2012.  ECF No. 26.  Defendants A-1 Recovery, Mission Financial Services Corporation, Deborah Leever, William Elder, and Foell & Elder filed a motion to compel arbitration on December 18, 2012.  ECF No. 27.  Finally, Defendants Steven Robinson and the Madera County Sheriff's Department filed two motions to dismiss based on improper venue, lack of jurisdiction, and failure to state a claim upon which relief can be granted on December 20, 2012.  ECF Nos. 28, 29.  All five motions have been fully briefed.  This action was reassigned to this Court on February 11, 2012.  ECF No. 49.

## II.  FACTS

Proceeding *pro se*, Plaintiff Steven Blackwell alleges violations of his civil rights against each Defendant arising out of the repossession of his 2008 International truck.  Mr. Blackwell brings these claims against: his lender, Mission Financial Services Corporation; Deborah Leever, a Mission Financial employee; Steven Robinson, the sheriff's deputy who was present at the repossession; the Madera County Sheriff's Department; the lender's counsel, William Elder and the law firm Foell & Elder; A1

1   Recovery, the company that towed the truck; and Bank of the West, which Plaintiff
2   alleges refused to honor a check he made out to Mission Financial in order to redeem the
3   debt he owed.
4         Plaintiff's allegations are disjointed and often legally incorrect. For example,
5   Plaintiff argues that financial institutions cannot legally lend others' money on credit, that
6   federal reserve notes do not constitute valid U.S. tender because they cannot be redeemed
7   for silver or gold, and that his name as identified on his driver's license, social security
8   card, and the contract he signed with Defendant Mission Financial is not his own name
9   because it was signed with the wrong combination of upper and lowercase letters. The
10  Complaint itself invokes a panoply of constitutional provisions, federal statutes, and
11  common law concepts without explanation or application to the alleged facts.
12        Moreover, Plaintiff's central factual allegations are contained not in the
13  Complaint itself, but in an affidavit attached to the Complaint. In it, Mr. Blackwell avers
14  that on March 16, 2012, two men, one dressed in a sheriff's uniform and the other in
15  plainclothes, repossessed his truck. Mr. Blackwell alleges that the man in plainclothes
16  presented him with "a repossession order authorized only by" Mission Financial.
17  Paragraph fourteen of the affidavit states: "After your affiant realized that he had been
18  swindled, he preceded[sic] to give the man the key to the vehicle." Following this,
19  Plaintiff alleges that he was allowed to remove personal items from the vehicle before it
20  was repossessed. Also attached to Plaintiff's Complaint are: a certificate of insurance for
21  the 2008 truck, a photograph of a document titled "Order to Repossess Vehicle," a
22  photograph of a card asking the holder to call "A-1 Recovery" immediately, an illegible
23  photocopy of a Madera County Sheriff's Department incident report, and a series of
24  letters exchanged between Plaintiff and Mission Financial's employees and counsel.
25

1  The Complaint lists five causes of action: first, as to the Madera County Sheriff's Department, a failure to properly train and supervise officers in violation of Plaintiff's constitutional rights; second, as to Mission Financial, deprivation of private property in violation of the Fifth Amendment; third, as to William Elder, a failure to properly identify himself as an attorney and conspiracy to deprive Plaintiff of his constitutional rights; fourth, as to Bank of the West, violation of Plaintiff's constitutional rights and the Uniform Commercial Code for failure to honor his check; and fifth, as to A1 Towing, deprivation of private property in violation of Plaintiff's constitutional rights.

The Complaint lists Plaintiff's current address as being in Taipei, Taiwan, though Plaintiff alleges that at the time of the repossession he resided in Oakland, California. The incident itself occurred in Madera, California. Plaintiff prays for damages in the amount of $250,000 in compensatory damages, $250,000 in punitive damages, costs, and fees. The Complaint also prays for the "right to amend this complaint as warranted by further evidence and fact finding."

## III. SUBJECT MATTER JURISDICTION

The Court finds that Mr. Blackwell has sufficiently invoked federal subject matter jurisdiction. In a section of the Complaint titled "Jurisdiction and Venue," Mr. Blackwell invokes federal question jurisdiction pursuant to numerous federal civil rights statutes. Plaintiff repeatedly alleges throughout his Complaint that all of the Defendants have violated his constitutional rights under various federal laws and several provisions of the Constitution. For example, Plaintiff alleges that Defendants conspired to deprive him of his constitutional rights in violation of each of Amendments Four through Nine and Fourteen of the Constitution.

Though the majority of Mr. Blackwell's allegations are conclusory, Bank of the

1  West incorrectly argues that the Complaint fails to invoke the subject matter jurisdiction
2  of this Court. "Where the complaint, as here, is so drawn as to seek recovery directly
3  under the Constitution or laws of the United States, the federal court . . . must entertain
4  the suit." *Bell v. Hood*, 327 U.S. 678, 681-82 (1946). Though "wholly insubstantial and
5  frivolous" invocations of federal questions may be dismissed as lacking jurisdiction, the
6  Complaint here, like the one in *Bell*, alleges facts such that, should they "have any
7  foundation in truth, the plaintiffs' legal rights have been ruthlessly violated." *Id.*
8  (quotation omitted). *See also Leeson v. Transamerica Disability Income Plan*, 671 F.3d
9  969, 975 (9th Cir. 2012) (noting jurisdictional dismissals in actions predicated on federal
10 questions are exceptional because federal question jurisdiction goes to district court's
11 power to adjudicate federal dispute, not elements of cause of action).

Plaintiff's Complaint alleges with sufficient clarity several claims for violation of his constitutional rights arising out of the deprivation of his property without due process. The proper course in such cases is first to exercise jurisdiction, and then to evaluate the claims for failure to state a claim upon which relief may be granted, a dismissal for which is binding on the plaintiff. *Bollard v. California Province of the Soc'y of Jesus*, 196 F.3d 940, 951 (9th Cir. 1999).

**IV. VENUE AND PERSONAL JURISDICTION**

Defendants Steven Robinson and the Madera County Sheriff's Department ("the Madera Defendants") move to dismiss on the basis of improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). ECF Nos. 28, 29.[2]

The federal venue statute, 28 U.S.C. 1391(b), provides for venue if a case is

---

[2] The remaining defendants have not moved to dismiss on venue grounds, and therefore have waived any objection they might have to venue. *See* Fed. R. Civ. P. 12(h)(1).

5

1 brought in (1) a judicial district in which any defendant resides, if all defendants are
2 residents of the State in which the district is located; (2) a judicial district in which a
3 substantial part of the events or omissions giving rise to the claim occurred, or a
4 substantial part of property that is the subject of the action is situated; or (3) if there is no
5 district in which an action may otherwise be brought as provided in this section, any
6 judicial district in which any defendant is subject to the court's personal jurisdiction with
7 respect to such action.

8 The plaintiff bears the burden of sustaining venue upon motion by the defendant.
9 *See Piedmont Label Co. v. Sun Garden Packing Co.,* 598 F.2d 491, 496 (9th Cir. 1979).
10 In opposition to the Madera Defendants' venue motion, Plaintiff claims that Bank of the
11 West resides in this district and that all defendants reside in California. ECF No. 37, ¶ 2;
12 ECF No. 38 ¶¶ 2, 8. In particular, Mr. Blackwell claims that Defendant Bank of the West
13 resides at 2127 Broadway Blvd., Oakland, CA 94612. The Madera Defendants do not
14 deny this allegation, or even address it.

15 Ordinarily, an unsworn declaration is not competent evidence, *see, e.g.*, *Fuentes v. Foster*,
16 No. 10-cv-00347-RLH, 2010 WL 4316796, at *3 (D. Nev. Oct. 26, 2010), and would not be
17 considered by the Court. Here, however, the Court construes the Madera Defendants' silence –
18 and their failure to object to Plaintiff's declaration -- as a concession that the Plaintiff's claim is
19 well taken. The Court therefore finds that Bank of the West resides in Oakland, which is within
20 the geographical bounds of this district. Plaintiff has therefore satisfied the first prong of the
21 venue statute.

22 The Madera Defendants, in arguing that this venue is improper, also argue, incorrectly, that
23 this Court lacks personal jurisdiction over them because they are located in the Eastern District of
24 California.
25

The personal jurisdiction of a district court extends to a defendant domiciled anywhere in the forum state. *See, e.g., Perkins v. Benguet Consolidated Mining Co.*, 342 US 437, 445 (1952); Fed. R. Civ. P. 4(k)(1) ("Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant: (A) who is subject to the jurisdiction of a court of general jurisdiction in the *state* where the district court is located.") (emphasis added). Thus, the fact that the Madera Defendants are located in the Eastern District, not the Northern District, is irrelevant to the question of personal jurisdiction.[3]

## V.   MOTION TO COMPEL ARBITRATION

Defendants Deborah Leever, Mission Financial Services Corporation, William N. Elder, Foell & Elder, and Wessels Enterprises, Inc. dba A-1 Recovery (erroneously sued as "A1 Towing") (collectively, the "Mission Financial Defendants"), move to compel arbitration of Plaintiff's claims. ECF No. 27. The Court will grant the motion.

The contract at issue, attached to the motion, is a note and security agreement whereby Mission Financial extended Mr. Blackwell a $29,920.00 loan secured by two vehicles, one of which is the 2008 International truck that Mission Financial ultimately repossessed on March 16, 2012, giving rise to this lawsuit. ECF No. 27-11. Page four of the agreement contains an addendum consisting entirely of an agreement to arbitrate any disputes "by or among any party to the Agreement or their respective officers, employees, agents, contractors, dealers, or partners . . . arising out of or related to the Agreement." The addendum provides that "[a]ll claims that any Arbitration Party could

---

[3] In their motion to transfer venue, both Mr. Robinson and the Madera County Sheriff's Department argue that the Eastern District Court of California has personal jurisdiction over them. If that is true, this Court does as well.

7

1 make under contract, statute, or common law shall be available to Arbitration Party,

2 including but not limited to actual, statutory or punitive damages and equitable and

3 declaratory relief, except that there shall be no class action relief in arbitration." *Id.*

4 Each of the pages of the agreement bears the initials purportedly belonging to Mr.

5 Blackwell, and page two contains his purported signature.

6 The Federal Arbitration Act (FAA) provides that arbitration agreements are

7 "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity

8 for the revocation of any contract." 9 U.S.C. § 2. The Act embodies the liberal federal

9 policy of placing arbitration agreements on equal footing with other contracts and

10 enforcing them according to their own terms. *See AT&T Mobility, LLC v. Concepcion*,

11 131 S. Ct. 1740 (2011). In evaluating a petition to compel arbitration where a Plaintiff

12 has refused to arbitrate, district courts, "upon being satisfied that the making of the

13 agreement for arbitration or the failure to comply therewith is not in issue," are required

14 to issue an order directing the parties to arbitrate their dispute in accordance with the

15 terms of the agreement. 9 U.S.C. § 4.

16 Plaintiff claims the contract containing the arbitration provision is void for two

17 reasons. First, because "the loan was under 'color of law' and thereby unlawful pursuant

18 to Art 1 section 10 of the U.S. Constitution. The federal reserve notes are not lawful

19 money since it can not be redeemed for gold or silver." Second, because the contract is

20 *ultra vires* because "a national bank has no power to lend its credit to another by

21 becoming surety, endorser, or guarantor for him." *Id.* at 3–4. These are not valid

22 defenses to the enforcement of a contractual arbitration provision. The court concludes

23 that the provision is enforceable.

24 The Mission Financial Defendants have asked for both a stay pending arbitration,

25

1 pursuant to FAA Section 3, and an order compelling arbitration due to Mr. Blackwell's

2 refusal to arbitrate, pursuant to Section 4. The proper remedy here lies under Section 4,

3 because both Defendants and Mr. Blackwell agree that he has refused to arbitrate this

4 dispute. The Court orders Plaintiff Steven Blackwell to arbitrate his dispute according to

5 the terms of the note and security agreement, and Plaintiff's claims against Mission

6 Financial Services Corporation are hereby DISMISSED without prejudice.

7   As Plaintiff's Complaint makes clear, Defendants Deborah Leever, William N.

8 Elder, Foell & Elder, and Wessels Enterprises, Inc. dba A-1 Recovery (erroneously sued

9 as "A1 Towing"), were all "officers, employees, agents, contractors, dealers, or partners"

10 of Mission Financial with respect to the repossession of Mr. Blackwell's vehicle. As

11 such, Plaintiff's claims against those Defendants, which arise directly out of the contract

12 and the repossession performed under its authority, must also be adjudicated by

13 arbitration. The Court orders Plaintiff Steven Blackwell to arbitrate his dispute with

14 these defendants according to the terms of the note and security agreement, and likewise

15 DISMISSES his claims against them without prejudice.

### VI. MOTIONS TO DISMISS FOR LACK OF LEGAL SUFFICIENCY

17   The remaining Defendants —Steven Robinson, the Madera County Sheriff's Department, and

18 Bank of the West — move to dismiss for failure to state a claim upon which relief can be granted

19 pursuant to Federal Rule of Civil Procedure 12(b)(6).

20   **A.** **Rule 12(b)(6) Standards**

21   On a motion to dismiss, the Court accepts the facts alleged in the complaint as

22 true. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Dismissal

23 can be based on the lack of a cognizable legal theory or the absence of sufficient facts

24 alleged under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749

25

1 F.2d 530, 533–34 (9th Cir. 1984). In the case of *pro se* parties, courts have an obligation,
2 particularly in civil rights cases, to construe the pleadings liberally and to afford the
3 plaintiff the benefit of any doubt. *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir.
4 1985) (en banc). A dismissal is only appropriate where it is "absolutely clear that the
5 deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*,
6 846 F.2d 1202, 1204 (9th Cir. 1988) (quotation omitted) (conclusory allegations of
7 conspiracy between public and private actors does not extend 42 U.S.C. § 1983 liability
8 to either). *See Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) (affirming
9 dismissal with prejudice and without leave to amend of RICO claim where "any attempt
10 to re-plead this claim would be futile"). However, "the tenet that a court must accept a
11 complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's
12 elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662,
13 663 (2009).

### B. <u>Steven Robinson and the Madera County Sheriff's Department</u>

15 Plaintiff alleges a variety of violations of his constitutional rights and cites to
16 several sections of Title 42 of the US Code, including section 1983. Construing the
17 Complaint liberally, Plaintiff has alleged claims against Defendant Steven Robinson and
18 the Madera County Sheriff's Department for violations of his constitutional rights
19 stemming from the repossession of his vehicle pursuant to 42 U.S.C. §§ 1983 and 1985.
20 To sustain a section 1983 action, a plaintiff must show (1) that the conduct
21 complained of was committed by a person acting under color of state law; and (2) that the
22 conduct deprived the plaintiff of a constitutional right. *Balistreri v. Pacifica Police*
23 *Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). In cases where law enforcement officers are
24 present at the repossession of secured property by a creditor, "mere acquiescence by the

1   police to 'stand by in case of trouble'" is insufficient to convert the repossession into

2   state action. *Harris v. City of Roseburg*, 664 F.2d 1121, 1126 (9th Cir. 1981). However,

3   a law enforcement officer who prevents a debtor "from exercising his right to resist by all

4   lawful and reasonable means a nonjudicial takeover," even by his mere presence at the

5   scene, is acting under color of law. A deprivation within the meaning of section 1983

6   may thus be found where a law enforcement officer "assists in effectuating a repossession

7   over the objection of a debtor or so intimidates a debtor as to cause him to refrain from

8   exercising his legal right to resist a repossession." *Id.*

9       In *Harris*, the plaintiff testified at deposition that he attempted to resist the

10  repossession of his truck but was compelled to acquiesce by the police officer at the

11  scene, who told him that if he resisted any further he would go to jail. The Ninth Circuit

12  held that, on those facts, the officer was subject to liability for preventing the plaintiff

13  from resisting the repossession. *Id.*

14      Here, Plaintiff's allegations are inconsistent, and, at times, contradictory. In his

15  complaint, Mr. Blackwell alleges only that Deputy Robinson was armed, dressed in a

16  sheriff's uniform, and present at the scene of the repossession. ECF No. 1 at 7. Attached

17  to the complaint is an illegible incident report that appears to pertain to Deputy

18  Robinson's involvement in the repossession. ECF No. 1 at 14. Neither the allegations in

19  the complaint nor the incident report show anything more than "mere acquiescence."

20  Neither do Plaintiff's allegations contain the additional facts present in any of the cases

21  he cites in his opposition to the motion. Thus, his allegations do not not state a violation

22  of section 1983. Because Plaintiff does not allege an adequate section 1983 claim, he

23  also cannot adequately state a section 1985 conspiracy claim.

24      The Court therefore DISMISSES Plaintiff's section 1983 and 1985 claims with

25

1  leave to amend.

2  On amending the complaint, Plaintiff must allege the specific conduct by law
3  enforcement officials giving rise to his claim. In particular, Plaintiff must allege the
4  specific acts taken by Deputy Robinson that violated Plaintiff's constitutional rights, and
5  the specific effect that such conduct had on Plaintiff, without simply making legal
6  conclusions. A failure to amend to allege cognizable claims may result in the dismissal
7  of Plaintiff's claims with prejudice, which will end this case against Deputy Robinson
8  and the Sheriff's Department.

9  **C.    Plaintiff's Fourth Cause of Action and Defendant Bank of the West**

10  Plaintiff's fourth cause of action alleges, in its entirety:

> Upon information and belief an EFT instrument along with an affidavit of status was presented by Mission to Bank of the West for discharge of debt for the International truck. According to Ms. Leever of Mission Financial Corporation the EFT was not accepted. Bank of the West refused the EFT instrument in violation of UCC 3-603 where acceptance of an EFT is discharge and section 1985 pursuant to the Constitution specifically article 1 section 10 and UCC law governing legal tender. (see exhibit D).

15  ECF No. 1 ¶ 10. Exhibit D to Plaintiff's Complaint is a letter from Defendant Deborah
16  Leever of Mission Financial Services Corporation to Mr. Blackwell informing him that
17  Mission Financial received his check for $36,783.78, representing the amount necessary
18  to redeem the outstanding debt on the 2008 International Truck, and that Bank of the
19  West refused to accept it for deposit because, on the back, Plaintiff had placed a
20  restrictive endorsement on it by writing the words "Authorized Representative without
21  Recourse." No other reference to Bank of the West appears in Plaintiff's Complaint.

22  Bank of the West moves to dismiss the fourth cause of action on three grounds:
23  lack of subject matter jurisdiction, failure to present a short and plain statement of the
24  claim pursuant to Federal Rule of Civil Procedure 8(a), and failure to state a claim against

Bank of the West upon which relief can be granted pursuant to Rule 12(b)(6).

As discussed above, Plaintiff adequately invokes federal question jurisdiction. However, Plaintiff's claims against Bank of the West do not entitle him to relief under any law he cites.

Plaintiff's only factual allegation concerning Bank of the West is that the Bank refused to honor his check for $36,783.78 in violation of "UCC 3-603" and "section 1985" of the Constitution. Section 3-603 of the Uniform Commercial Code and its substantially identical California analog, Commercial Code Section 3603, relate to the tender of payment made on an obligation *to a person entitled to enforce that obligation*. Plaintiff alleges that Bank of the West refused to accept a check made out to Mission Financial for a debt held by Mission Financial. The foregoing sections of the Commercial Code do not apply to that situation. As for Plaintiff's constitutional claims, Plaintiff fails to explain how refusing to honor his check violates the Constitution.

Plaintiff's claims against Bank of the West are therefore DISMISSED. The Court will give Mr. Blackwell leave to amend his complaint to state a sufficient claim against Bank of the West, but does not anticipate granting leave again should that complaint not withstand a subsequent motion to dismiss.

**VII. PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSE**

Mr. Blackwell moves to strike Defendant A-1 Recovery's fifth affirmative defense, which raises A-1 Recovery's arbitration defense, as discussed above, as "scandalous" and "impertinent." The Court DENIES the motion. For the reasons previously stated, the affirmative defense is well-taken, and the case will be ordered to arbitration. *See* Section V, *supra*.

**VIII. CONCLUSION**

For the reasons discussed above, the Court orders as follows:

13

1. This Court has subject matter jurisdiction over Plaintiff's claim that Defendants violated his constitutional rights in violation of 42 U.S.C. §§ 1983, 1985. Defendants' various motions to dismiss for lack of subject matter jurisdiction are DENIED.

2. Because Plaintiff alleges, and Defendants fail to refute, that Bank of the West resides in this district and that all Defendants reside in California, Deputy Robinson and the Madera County Sheriff's Department's Motion to Dismiss for Lack of Proper Venue is DENIED.

3. This Court has general personal jurisdiction over Deputy Robinson and the Sheriff's Department because they are domiciled in California. Their motion to dismiss for lack of personal jurisdiction is DENIED.

4. Plaintiff is ordered to arbitrate his dispute with respect to Defendants Mission Financial Services Corporation, Deborah Leever, William Elder, Foell & Elder, and A-1 Recovery. Those Defendants' Motion to Compel Arbitration is GRANTED. Plaintiff's claims against those Defendants are DISMISSED without prejudice.

5. Deputy Robinson and the Sheriff's Department's Motion to Dismiss for failure to state a claim is GRANTED. Plaintiffs' claims against Deputy Robinson and the Madera County Sheriff's Department are DISMISSED with leave to amend.

6. Bank of the West's Motion to Dismiss for failure to state a claim is GRANTED. Plaintiff's fourth cause of action against Bank of the West is DISMISSED with leave to amend.[4]

/ / /

/ / /

/ / /

---

[4] If Plaintiff fails to amend his complaint against Bank of the West, or fails to allege a legally sufficient claim against it after amendment, the Court will reevaluate whether a discretionary transfer to the Eastern District Court of California is appropriate on a proper motion, given that Bank of the West is the only Defendant residing in this district.

7. Plaintiff shall amend his complaint, should he choose to continue with this litigation, by no later than thirty days from the date of this Order. Failure to amend by the deadline may result in dismissal.

**IT IS SO ORDERED**.

Dated: April 9, 2013



_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

15