UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DIEZ BLACKWELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STEVEN ROBINSON, et al.,<br><br>　　　　Defendants. | Case No.  12-cv-04329-JST<br><br>**ORDER RE: MOTION TO RECONSIDER CONTRACT ARBITRATION ORDER**<br><br>Re: Dkt. No. 59 |

Before the Court is Plaintiff Steven Blackwell's Motion to Reconsider Contract Arbitration Order, ECF No. 59.  Civil Local Rule 7-9(a) requires parties to obtain leave of court to file a motion for reconsideration.  A motion for leave to file a motion for reconsideration must specifically show:

   1. That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought.  The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

   2. The emergence of new material facts or a change of law occurring after the time of such order; or

   3. A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

N.D. Cal. Civil L.R. 7-9(b).  In addition, the motion for leave may not "repeat any oral or written argument made by the applying party . . . in opposition to the interlocutory order which the party now seeks to have reconsidered.  Any party who violates this restriction shall be subject to

//

1  appropriate sanctions." N.D. Cal. Civil L.R. 7-9(c).

2  Plaintiff did not file a motion for leave to file the Motion to Reconsider Contract

3  Arbitration Order. Plaintiff's motion is therefore DENIED.

4  **IT IS SO ORDERED**.

5  Dated: May 17, 2013



JON S. TIGAR
United States District Judge