UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DIEZ BLACKWELL, <br> Plaintiff, <br> v. <br> STEVEN ROBINSON, et al., <br> Defendants. | Case No. 12-cv-04329-JST <br><br> **ORDER OF DISMISSAL** |

On April 10, 2013, this Court compelled arbitration of, and dismissed, Plaintiff's claims against Defendants Mission Financial Services Corporation, Deborah Leever, William N. Elder, Foell & Elder, and Wessels Enterprises, Inc. dba A-1 Recovery (sued as "A1 Towing"). The Court also dismissed Plaintiff's claims against Defendants Steven Robinson, the Madera County Sheriff's Department, and Bank of the West with leave to amend. ECF No. 58. In dismissing Plaintiff's claims against Deputy Robinson and the Sheriff's Department, this Court stated: "A failure to amend to allege cognizable claims may result in the dismissal of Plaintiff's claims with prejudice, which will end this case against Deputy Robinson and the Sheriff's Department." Id. p. 12. The Court also stated, in conclusion: "Plaintiff shall amend his complaint, should he choose to continue with this litigation, by no later than thirty days from the date of this Order. Failure to amend by the deadline may result in dismissal." Id. p. 15.

On May 10, 2013, Plaintiff filed a motion for reconsideration of the order compelling arbitration. ECF No. 59. This Court denied that motion because it was filed without leave of court, in contravention of Local Rule 7-9(a). ECF No. 62. In addition, on May 15, 2013, the Court issued an Order to Show Cause why the Court should not dismiss this action for failure to

prosecute, pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 61 (citing Link v. Wabash R. Co., 370 U.S. 626, 630 (1962) (recognizing district court's "inherent power" to dismiss action with prejudice sua sponte for failure to prosecute)). The Court ordered Plaintiff to respond in writing by May 31, 2013, and noted: "Plaintiff's failure to respond to this Order, or Plaintiff's failure to show good cause for his non-compliance with the Court's orders and procedural rules, shall constitute an additional ground for the imposition of appropriate sanctions, including involuntary[y] dismissal with prejudice." Id. pp. 1–2.

On May 31, 2013, Plaintiff responded to the Order to Show Cause by filing two briefs reiterating Plaintiff's arguments against dismissal of his claims, without supplying additional allegations or filing an amended complaint. ECF Nos. 63, 64. In addition, Plaintiff filed a "Motion to Vacate Void Judgment or in the alternative for Certification of Issues for Interlocutory Appeal," again re-arguing the motions to dismiss previously granted by the Court. ECF No. 65.

Because Plaintiff has failed to comply with the Court's prior orders, and has failed to file an amended complaint after being provided two opportunities to do so, the Court will dismiss Plaintiff's remaining claims against Defendants Robinson, the Sheriff's Department, and Bank of the West with prejudice.

"Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds). "Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim." Yourish v. California Amplifier, 191 F.3d 983, 986 (9th Cir. 1999). "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); see also Oliva v. Sullivan, 958 F.2d 272, 273–74 (9th Cir. 1992) (district court may dismiss *sua sponte* for failure to meet court deadline).

"[T]he district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the

court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" In re Phenylpropanolamine (PPA) Products Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir.1998)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).

The first three Henderson factors strongly support dismissal. See Yourish, 191 F.3d at 992 ("three factors strongly favor dismissal" when plaintiff, without valid explanation, failed to meet deadline to file amended complaint). First, "the public's interest in expeditious resolution of litigation always favors dismissal." Id., at 990. Second, to be able to manage its docket effectively, the Court must be able to dismiss actions without operative complaints which have stalled due to one party's unilateral inaction in meeting court-imposed deadlines.

As for the third Henderson factor, "the risk of prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely amend." Yourish, 191 F.3d at 991. A plaintiff has the burden of demonstrating an at least non-frivolous reason for failing to meet a court deadline. Id. Here, Plaintiff has not requested an extension of the deadline and has offered no explanation for his failure to amend. Therefore, the third Henderson factor also supports dismissal.

The fourth Henderson factor normally weighs strongly against dismissal. See, e.g., Hernandez, 138 F.3d at 399. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." In re PPA, 460 F.3d at 1228. The Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." Id. (quoting In re

Exxon Valdez, 102 F.3d 429, 433 (9th Cir. 1996)).  If the fourth Henderson factor weighs against dismissal, it does so very weakly.

Finally, the Court has considered and attempted less drastic sanctions and determined that they are inadequate or inappropriate.  "Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case."  Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981).  The Court "warn[ed] the plaintiff that dismissal [was] imminent," Oliva, 958 F.2d at 274, first in its dismissal order, and then again in the Order to Show Cause.  Plaintiff has failed to amend, and has failed to comply with this Court's orders, filed an unauthorized motion for reconsideration, and has now filed a motion to vacate void judgment that, too, is procedurally improper.  Given this experience, and the fact that monetary sanctions are likely to be inappropriate for *pro se* litigants, the Court concludes that less drastic sanctions are unlikely to be adequate or appropriate.  The fifth Henderson factor weighs strongly in favor of dismissal.

The Court is mindful of the high standard for dismissing complaints by *pro se* litigants.  "[B]efore dismissing a *pro se* complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively."  Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).  In its previous dismissal, the Court identified the deficiencies in the complaint and gave Plaintiff specific directions about how to amend his complaint.  There is no question that Plaintiff received notice of these orders, as he filed a motion for reconsideration in response to the first dismissal, and a motion to vacate void judgment in response to this Court's Order to Show Cause.  Since none of the Court's efforts have met with an appropriate response, the Court concludes that it would be futile to permit further amendment.

For the foregoing reasons, dismissal with prejudice is warranted.  See Yourish, 191 F.3d at 998 (approving dismissal with prejudice for failure to timely amend complaint); see also Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam) ("Although we construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure").  Plaintiff's motion to vacate

4

1  void judgment is denied, as no judgment had entered. And Plaintiff's motion for certification of
2  interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is also denied, as this Court's previous order
3  dismissing Plaintiff's claims without prejudice did not involve "a controlling question of law as to
4  which there is substantial ground for difference of opinion and that an immediate appeal from the
5  order may materially advance the ultimate termination of the litigation."

6  This matter is now dismissed with prejudice.

7  **IT IS SO ORDERED**.

8  Dated: September 5, 2013

_____
JON S. TIGAR
United States District Judge